**IN THE COURT OF APPEALS OF IOWA**

No. 16-0456
Filed May 11, 2016

**IN THE INTEREST OF W.B.,**
**Minor Child,**

**P.G., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

        A father appeals from the order terminating his parental rights. **AFFIRMED.**

        Julie Gunderson Trachta of Linn County Advocate, Inc., Cedar Rapids, for appellant father.

        Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

        Natalie H. Cronk of Cronk & Waterman, P.L.C., Iowa City, guardian ad litem for minor child.

        Annette F. Martin, Cedar Rapids, attorney for minor child.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A father appeals from the order terminating his parental rights. We find there is clear and convincing evidence in the record to support termination of the father's parental rights and termination is in the child's best interests. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

P.G., father, and R.T., mother, are the parents of W.B., who was born in 2003. The child came to the attention of the Iowa Department of Human Services (DHS) in 2009 due to the mother's excessive use of alcohol and domestic violence in the home. On January 25, 2010, the child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) (2009). The child was removed from the mother's home in June 2011 and placed in foster care.

The father, who previously had little contact with the child, began to participate in services. After a trial home placement, custody of the child was placed with the father under the protective supervision of DHS. In October 2013, the father was charged with possession of a firearm as a felon, carrying weapons, and possession of marijuana. A drug test in October 2013 was positive for marijuana.

In June 2014, the father took the child to Wisconsin to live with his sister, without informing the juvenile court or DHS. The father signed a statement purporting to give his family temporary guardianship of the child. After DHS discovered the situation, the child asked DHS if she could remain in Wisconsin. The juvenile court entered an order on September 19, 2014, removing the child

from the father's care and placing her in the care of the paternal aunt, under the supervision of DHS. The father was found to be in contempt of court due to his actions. He had very little contact with the child after he took her to Wisconsin.

The juvenile court granted the maternal grandmother's motion to intervene.[1] The child had an extended visit with the maternal grandmother at her home in Arizona during the summer in 2015. After arriving in Arizona, the child, who was then twelve years old, wrote a letter to the court stating she wanted to stay with her maternal grandmother and half-siblings. The child reported physical abuse and neglect while in the father's care. The juvenile court entered an order permitting the child to stay with the maternal grandmother.

The State filed a petition on October 29, 2015, seeking termination of the parents' rights. At the termination hearing the father testified he was not asking to have the child placed in his care but stated, "[I]f my daughter is truly where she wants to be, I want her to be where she wants to be and I want her to be happy." He asked to have the child placed in a guardianship, preferably with his sister. His criminal charges were still pending at that time.

The juvenile court entered an order on February 24, 2016, terminating the father's parental rights under section 232.116(1)(b), (e), and (f) (2015).[2] The court found it was in the child's best interest to terminate the parent-child relationship. The father now appeals the termination of his parental rights.

---

[1] The child has two siblings who have the same mother but a different father. The maternal grandmother adopted these siblings and they live with her in Arizona.
[2] The mother's parental rights were also terminated. She has not appealed.

## II.      Standard of Review

The scope of review in termination cases is de novo.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  Clear and convincing evidence is needed to establish the grounds for termination.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).  Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence.  *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002).  The paramount concern in termination proceedings is the best interests of the child.  *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III.     Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights.  He states the child could be returned to his care, he maintained meaningful and significant contact with the child, and he did not abandon the child.  "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm."  *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).

We find there is clear and convincing evidence in the record to support termination of the father's parental rights under section 232.116(1)(f).  The child was more than four years old, had been adjudicated CINA, had been out of her parents' care for more than one year, and could not be safely returned home.  *See* Iowa Code § 232.116(1)(f).  The father testified at the termination hearing he was not asking to have the child placed in his care.  Furthermore, he was facing criminal charges and may not be in a position to provide long-term care for the

child.  Also, there had been no assessment of the child's statement she had been subjected to physical abuse and neglect while in the father's care.  We determine the father's parental rights were properly terminated under section 232.116(1)(f).

### IV.	Best Interests

The father claims termination of his parental rights is not in the child's best interests.  He states the juvenile court should have decided not to terminate his parental rights because the child was in the legal custody of a relative and due to the closeness of the parent-child relationship.

In considering a child's best interest we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."   Iowa Code § 232.116(2).   A court may decide not to terminate a parent's rights based on the exceptions found in section 232.116(3), including when a relative has legal custody of the child or termination would be detrimental to the child due to the closeness of the parent-child relationship.  *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

On our de novo review, we agree with the juvenile court's conclusion termination of the father's rights is in the child's best interests and none of the exceptions found in section 232.116(3) apply.  The juvenile court stated:

> The court finds that it is in this child's best interest to terminate the parent-child relationship.  [The child] has been first abandoned by her mother and then abandoned by her father.  [The father] deliberately separated [the child] from her brothers and actively obstructed contact between the siblings and her grandmother.  He has no bond with [the child].  He lacks insight and judgment about the trauma he has inflicted upon [the child] through his selfish ways and perhaps deliberate cruelty to his daughter.  In making this determination the court has given consideration to the

child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and the physical, mental, and emotional condition and needs of the child.

Lastly, the Court finds that none of the exceptions as contained in section 232.116(3) allowing the court not to terminate apply in this case for the reasons stated above.

(Citations omitted).

We affirm the juvenile court's decision terminating the father's parental rights.

**AFFIRMED.**